UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JUANQUITA LEMACHE SISLEMA**  **CASE NO.  3:26-CV-00289 SEC P**
**#A220-955-909**

**VERSUS**  **JUDGE TERRY A. DOUGHTY**

**WARDEN JACKSON PARISH**  **MAG. JUDGE KAYLA D.**
**CORRECTIONAL CENTER ET AL**  **MCCLUSKY**

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") [Doc. No. 2] filed by *pro se* Petitioner, Juanquita Lemache Sislema ("Petitioner"). After carefully considering Petitioner's filings and applicable law, the Motion is **DENIED**.

Federal courts may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level."

*Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). In any event, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

Petitioner references, in support of his Motion, a non-existent "Memorandum of Law" and his Petition for Writ of Habeas Corpus ("Habeas Petition"), which is marked as deficient.[1] Even if Petitioner's Habeas Petition was not deficient, it includes no allegation that suggest he faces "immediate and irreparable injury."[2] FED. R. CIV. P. 65(b)(1)(A). Furthermore, Petitioner has not shown that he attempted to provide notice of his Motion to Respondents or why that requirement should be excused. *See id.* 65(b)(1)(B). Thus, Petitioner's Motion does not satisfy either of Rule 65(b)(1)'s requirements. Consequently, Petitioner is not entitled to an *ex parte* TRO under Rule 65(b)(1).

For these reasons,

**IT IS ORDERED** that Petitioner's Motion [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 4th day of February 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] [Doc. No. 2, p. 2 (citing [Doc. No. 1])].
[2] [Doc. No. 1].